**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                          **Case No. 8:16-CR-24-T-30AEP**

**JOSE ANTONIO RODRIGUEZ-RIVERA**
_____/

**DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**
**AND SENTENCING MEMORANDUM IN SUPPORT OF**
**HIS REQUEST FOR A REASONABLE SENTENCE**

COMES NOW, the Defendant, JOSE ANTONIO RODRIGUEZ-RIVERA, by

and through undersigned counsel, and files this sentencing memorandum in support

of a sentence below the advisory guideline.  Mr. Rodriguez-Rivera moves this Court

for the imposition of a reasonable sentence which is no greater than necessary to

comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a)(2).  As

grounds in support of this motion, Mr. Rodriguez-Rivera states the following:

**I.     MR. RODRIGUEZ-RIVERA'S BACKGROUND[1]**

Mr. Rodriguez-Rivera is a 46 year old native of Venezuela.  Mr. Rodriguez-

Rivera grew up in a poverty stricken area of Carupano, Valenzuela.  His family lived

in government housing, and they struggled to make ends meet.  Mr. Rodriguez-

Rivera's father was a fisherman, and he dropped out of school at the age of 14 to

become a fisherman, as most young did in his community.  His mother was a church

_____

[1]Background information is taken from the Presentence Report ("PSR") and interviews with

custodian, and he was the eldest of six (6) siblings.  Mr. Rodriguez-Rivera was raised by his grandparents, and explained that it is a tradition in his country for grandparents to raise their grandchildren.  They provided him with everything he needed, and recalls that they were hard workers.  He has a vivid memory of his grandmother chewing tobacco, and carrying baskets of fish on her head, when she delivered fish to the market.



(Images of the "Mercado de Carupano" were taken from Google Images)

Prior to this offense, Mr. Rodriguez-Rivera led a proud and quite life.  Mr. Rodriguez-Rivera is in good health, and although he was at one time a heavy drinker, he only drinks occasionally now, and he has never used illegal drugs.  He does not suffer from any mental issues, but since this offense, he has been extremely depressed because he has lost touch with his family.

Mr. Rodriguez-Rivera has no prior convictions; this offense did not involve a weapon or violence, and his involvement was a result of his desire to better the financial situation for his family.

Mr. Rodriguez-Rivera.

## II.    PROCEDURAL HISTORY AND GUIDELINE CALCULATIONS

On January 14, 2016, the grand jury in the Middle District of Florida returned an indictment charging Mr. Rodriguez-Rivera, and co-defendants with a two-count Indictment – Conspiracy, and Aiding and Abetting to Possess, with the Intent to Distribute 5 kilograms or more of Cocaine, in violation of 46 U.S.C. §§ 70503 (a) and 70506(a), 21 U.S.C. § 960 (b)(1)(B)(ii), and 18 U.S.C. § 2.

On April 1, 2016, Mr. Rodriguez-Rivera pled guilty to Count 1, pursuant to a plea agreement, and the Court accepted his plea of guilty and adjudication of guilt on April 20, 2016.

The probation officer correctly calculated Mr. Rodriguez-Rivera's advisory guideline range (with the exception of the requested minor role adjustment). PSR ¶¶18-27.  With an offense level of 33, and a criminal history category I, Mr. Rodriguez-Rivera's guideline imprisonment range is **11 years, 3 months – 14years**.

## III.   MINOR ROLE

Mr. Rodriguez-Rivera should receive a two-level reduction for minor role. Mr. Rodriguez-Rivera's role in this case was simply as a courier of the cocaine.  He was not a leader or organizer, and had no proprietary interest in the operation – he was paid only to transport the cocaine.

The seminal Eleventh Circuit case dealing with the determination of a mitigating role reduction pursuant to U.S.S.G. §3B1.2 is *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999).  In the *De Varon* case, the Eleventh

Circuit established a two-part test for determining whether a defendant qualifies for a minor role reduction. *De Varon*, 175 F.3d at 934. As the Eleventh Circuit noted, "[f]irst, and foremost, the district court must measure the defendant's role against [his] relevant conduct, that is, the conduct for which [he] has been held accountable under U.S.S.G. §1B1.3." *Id*. The Eleventh Circuit further stated the second part of the test requires that "where the record evidence is sufficient, the district court may also measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." *Id*.

The guideline involved in the issue of minor role is U.S.S.G. §3B1.2, the new amendment to it is a more inclusive guideline provision for individuals like Mr. Rodriguez-Rivera. The purpose of the mitigating role adjustment is to ensure that a low-level participant in a conspiracy does not receive the same sentence as a high-level participant in a conspiracy. Otherwise, based on the fact that all of the defendants in a conspiracy are held accountable for the total quantity of drugs involved, non-similarly situated defendants would be receiving the same sentence despite the minor role that some of the defendants may have had. Since, Mr. Rodriguez-Rivera is being held for an amount of cocaine that places him at the same offense level as the owners, and those charged with logistics, his role must be compared to all of the other participants of the group of individuals.

In the present case, the factors weigh in favor of Mr. Rodriguez-Rivera's minor role status. Factually, Mr. Rodriguez-Rivera was paid by others in the

conspiracy. Mr. Rodriguez-Rivera had no equity interest in the drugs. He had no role in planning the criminal scheme and absolutely no role in the ultimate distribution of the cocaine. Other factors supporting Mr. Rodriguez-Rivera's minor role status include the fact that he did not recruit any other participants, he had little knowledge of the scope of the broader conspiracy, he reported to a larger player in the conspiracy. Distinctly, no one reported to him. Clearly under these facts, Mr. Rodriguez-Rivera was less culpable than most of the participants. Specifically, he was less culpable than the loaders, the logistics people, the distributors, the purchaser of the cocaine, the seller of the cocaine or any other unindicted co-conspirators. He was essentially a mule on a boat.

Based on the forgoing argument and legal authority, Mr. Rodriguez-Rivera's objections should be granted and he should receive a two-level reduction for minor role. Such a result will be consistent with one of the main goals of the guidelines by insuring that (absent the mandatory ten year sentence ) he does not receive the same sentence as individuals that are more culpable than him, thus running astray of the guiding goal that similarly-situated defendants should be

similarly punished.

## IV.    REQUEST FOR A REASONABLE SENTENCE

Mr. Rodriguez-Rivera respectfully requests that this Court impose a sentence below the advisory guideline range, as "sufficient but not greater than necessary" to accomplish the purposes of sentencing. The Sentencing Guidelines are now, of course, advisory. *United States v. Booker*, 543 U.S. 220 (2005). Thus, although the recommended guideline range must be taken into account, this Court must follow the "parsimony provision" of 18 U.S.C. § 3553(a), which is the "overarching" command of the statute. *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 570 (2007). That provision provides that this Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§ 3553(a)]." Those purposes set forth in paragraph 2, are: "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

**A.**   **The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Rodriguez-Rivera [18 U.S.C. § 3553(a)(1)]**

The history and characteristics of Mr. Rodriguez-Rivera, as well as the facts and circumstances of this case would justify a departure/variance.  Mr. Rodriguez-Rivera is 46 years old, and like many others in his country, he was struggling to make ends meet.  His involvement in criminal conduct is limited to this offense.  Mr. Rodriguez-Rivera was offered a fishing job by a friend who knew how bad he was struggling.  He knew the job involved transporting cocaine.  Against his better judgment, Mr. Rodriguez-Rivera took the job – not in greed, but because he wanted his family to "have a better life than what [he] grew up in.".

**B.**   **To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense [18 U.S.C. §3553(a)(2)(A)]**

Mr. Rodriguez-Rivera has accepted responsibility for his actions, and acknowledged that his behavior was wrong.  He related that he did not truly understand the consequences of his actions until he arrived in the United States, sat in jail, and had an opportunity to reflect on his actions.  Mr. Rodriguez-Rivera is already thinking about ways he can make a better life for himself and his family.  He is committed to using the time he is incarcerated to learn to read and write English.  He would also like to learn a trade that could help to improve his chances

of employment once he is returned to his country.  Prisons are good for punishing, and Mr. Rodriguez-Rivera understands the need for punishment; however, he is a first time offender, is not a violent and will eventually be returned to his country. For Mr. Rodriguez-Rivera, the punitive purpose of sentencing can be achieved with a below-range sentence.

## CONCLUSION

After consideration of the factors enumerated in 18 U.S.C. § 3553(a), this Court should find that a sentence below the advisory guideline range is "sufficient but not greater than necessary to achieve the purposes of sentencing."  Mr. Rodriguez-Rivera requests that a sentence at the statutory minimum is more than reasonable in this case.

DATED this 18th day of July, 2016.

Respectfully submitted,

DONNA LEE LEM
FEDERAL DEFENDER

*/s/ Yvette C. Gray*
Yvette C. Gray
Bar No. 016516 (Arizona)
Assistant Federal Defender
400 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Phone:        (813)228-2715
Fax:           (813)228-2562
Email:  Yvette_Gray@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of July, 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to the following:

Joseph K. Ruddy, AUSA

/s/ Yvette C. Gray
Yvette C. Gray
Assistant Federal Defender